UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**RONNIE RAY COLE**                                       **CIVIL ACTION NO. 20-0026**

**VS.**                                                                **SECTION P**

                                                                        **JUDGE TERRY A. DOUGHTY**

**TRANSITIONAL WORK**                            **MAG. JUDGE KAREN L. HAYES**
**PROGRAM, ET AL.**

### REPORT AND RECOMMENDATION

Plaintiff Ronnie Ray Cole, a former prisoner who proceeds pro se and in forma pauperis, filed the instant proceeding on approximately November 20, 2019, under 42 U.S.C. § 1983. He names the following defendants: Transitional Work Program, Warden Jay Russell, and Warden Pat Russell.[1] For reasons below, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff alleges that he "went to work release . . . on June 1, 2019," and was there for one week. [doc. # 1, p. 4]. He informed the warden there that he had PTSD,[2] a condition he acquired following his service in the armed forces. *Id.* Plaintiff "ran out of medication" for his PTSD, and "they" transferred him to Ouachita Parish Jail to obtain "a refill." *Id.* at 4-5. He claims, however, that Warden Pat Russell refused to provide his medication. [doc. # 14, p. 1]. When he lacks his medication, he has nightmares and is occasionally violent; the medication relaxes him. *Id.* One month later, a physician gave him his medication and "cleared" him to return to work. [doc. #s 1, p. 5; 14, p. 1].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

[2] By "PTSD," Plaintiff presumably refers to post-traumatic stress disorder.

Plaintiff alleges that, during an interview with Sheriff Russell's assistant to determine where he could suitably work, he informed the assistant that he "would rather not work at a chicken plant because [he had] seen enough blood shed in [his] career." [doc. # 14, p. 2]. He claims that, despite being cleared for work, the Transitional Work Program "never came back to get [him]." [doc. # 1, p. 5]. The Transitional Work Program "felt like [he] didn't qualify to work because of his medical condition[.]" [doc. # 14, p. 1].

Plaintiff also faults Sheriff Jay Russell, claiming that Russell refused to give him a job because of his PTSD. *Id.* Plaintiff remained at Ouachita Parish Jail for approximately four months. [doc. # 1, p. 5]. Because he could not work during that time, he endured stress, aggravation, behavioral problems, pain, and suffering. [doc. # 14, pp. 1-2].

Plaintiff maintains that other individuals were allowed to participate in work release even though some "violated for having drugs in [the] dorm" and others had "just come to jail . . . ." [doc. # 1, p. 5]. Plaintiff did not have any "write ups" while he was incarcerated. *Id.*

Plaintiff claims that three days after he submitted a grievance against the Transitional Work Program and Ouachita Parish Jail, he "got shipped to Morehouse Parish Correctional Center . . . ." *Id.*

Plaintiff asks the Court to dismiss all of his charges, to grant his "fire arm [sic] rights back," and to award $1,500,000.00 for his pain and suffering. *Id.* at 6.

## Law and Analysis

**1. Preliminary Screening**

Because Plaintiff is proceeding in forma pauperis, his Complaint is subject to screening under § 1915(e)(2). Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on

2

which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the

plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Conclusory Requests for Relief**

Plaintiff asks the Court to dismiss all of his charges and to grant his "fire arm [sic] rights back." [doc. # 1, p. 6]. Plaintiff, however, does not join these requests for relief with any claim.

He claims that defendants discriminated against him because of his medical condition, retaliated against him for filing grievances, and failed to provide proper medical care, but he fails to explain how defendants' actions (or inaction) caused the State to charge him with crimes or to revoke his firearm rights. Otherwise stated, Plaintiff fails to explain how securing the dismissal

4

of his charges and the restoration of his firearm rights will redress the injuries he suffered as a result of defendants' actions.[3]

Plaintiff, therefore, does not state any claim on which the relief he requests may be granted. The Court should deny these requests for relief.

**3. Limitation on Recovery Under 42 U.S.C. § 1997e(e)**

Aside from asking the Court to dismiss his charges and restore his firearm rights, Plaintiff seeks only monetary relief. [doc. # 1, p. 6]. Specifically, he seeks $1,500,000.00 "for [his] pain and suffering." *Id.*

Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). "The 'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

Here, Plaintiff "brought" this action when he was incarcerated in Morehouse Parish Correctional Center. [doc. # 1, p. 7]. Moreover, he seeks monetary compensation for only mental or emotional injury he endured in custody. For instance, he alleges that he endured

---

[3] Plaintiff did not respond to the undersigned's inquiries concerning his charges and firearm rights.

stress, aggravation, behavioral problems, and "pain and suffering"[4] because he was not granted work release.[5] [doc. # 14, pp. 1-2]. He also suggests that, because he lacked his medication, he suffered nightmares and was not as relaxed as he desired.

Plaintiff may not recover monetary relief for these injuries. He does not allege that he suffered a more-than-de-minimis physical injury or any other injury compensable by monetary relief. Accordingly, the Court should dismiss Plaintiff's request for compensatory relief.

Overall, as Plaintiff does not seek any cognizable relief, the Court should dismiss his claims.

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Ronnie Ray Cole's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

---

[4] Plaintiff alleges, without explanation, that he endured "pain and suffering," but he does not state whether his pain was mental or physical. Absent explanation, the undersigned construes the hackneyed trope, "pain and suffering," as an allegation of, at best, mental pain. That said, to the extent Plaintiff suffered physical pain, he does not allege that he suffered more than a de minimis injury. See *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (recognizing that the "physical injury required by § 1997e(e) must be more than de minimus [sic], but need not be significant."); *Herron v. Patrolman No. 1*, 111 F. App'x 710, 713 (5th Cir. 2004) (holding that a "temporary increase of pain . . . is at most a *de minimis* injury that will not support a claim of mental or emotional suffering.").

[5] Plaintiff does allege that he wanted to work to "save money," [doc. # 1, p. 6], but he does not request relief to compensate him for lost income. Rather, he only (and specifically) requests monetary relief "for [his] pain and suffering." [doc. #s 1, p. 6; 14, p. 2]. Moreover, he requests $1,500,000.00, but he does not maintain that he would have earned $1,500,000.00 on work release absent defendants' actions.

party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 16th day of March, 2020.

Karen L. Hayes
United States Magistrate Judge